The practice in the King's Bench seems most correct. The plea at least ought to relate to the possession of the defendant, and not to his title papers.
If proof of possession should be necessary at the trial, the terms proposed by the plea would necessarily embarrass the plaintiff, because it would be attended with difficulty to prove the limits expressed in the title papers of the defendant; in many instances impracticable.
When confession is made to apply to possession no injury can arise to the defendant; as his possession between the plaintiff and himself will be co-extensive with the limits expressed in his title, or so much of the Land as interferes with the plaintiff.
Possession, being a matter of notoriety, can be ascertained by the plaintiff, by proof, and will be *Page 66 
considered as extending to all lands, claimed by the defendant and within the claim of the plaintiff.
The plea is irregular, and the defendant cannot be admitted on it.[1]
CAMPBELL, J., concurred.
NOTE. By 1801, 11, 5, no person could be admitted a defendant in ejectment unless he entered into the common rule, and at the same time gave security for costs. The action of ejectment is now regulated by the provisions of the Code, sects. 3229 et seq. — ED.
[1] See Wils ed. Bac. Ab. c. 410; Selwyn's N. P. 750, 751.